DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7164
    Facsimile: (415) 436-7234
    jevechius.bernardoni@usdoj.gov

Attorneys for the Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATALIE ARNOLD, | Case No.: C 18-0553 KAW |
| Plaintiff, | **DEFENDANT'S ANSWER TO THIRD AMENDED COMPLAINT** |
| v. | DEMAND FOR JURY TRIAL |
| WILLIAM BARR in his official capacity as United States Attorney General, | Judge: Hon. Kandis A. Westmore |
| Defendant. | |

# ANSWER

The United States Attorney General hereby responds to plaintiff's Third Amended Complaint ("TAC") as follows:

1. Defendant admits that Plaintiff Arnold purports to bring this action under Title VII of the Civil Rights Act of 1964 to seek damages for allegedly discriminatory, harassing, and retaliatory actions, but denies that Plaintiff was subjected to discrimination, retaliation, or harassment, denies that Plaintiff is entitled to the relief sought, and denies any remaining allegations in Paragraph 1.

2. Defendant admits that this Court has federal question jurisdiction over this matter.

3. Defendant admits that this Court has federal question jurisdiction over this matter.

4. Defendant admits that this matter is properly venued in the Northern District of

1  California.

2  5.  Defendant denies that Plaintiff has exhausted her administrative remedies for all of the allegations raised in the SAC.  Defendant admits that on or before April 19, 2017, Plaintiff contacted an Equal Employment Opportunity Counselor ("EEO") in the Federal Bureau of Investigation's ("FBI") Office of Equal Employment Opportunity Affairs ("OEEOA").  Defendant admits that on May 30, 2017, Plaintiff filed a formal administrative complaint, FBI-2017-00219.  Defendant admits that more than 180 days has expired since Plaintiff filed her formal EEO complaint, FBI-2017-00219 and no final agency action has been taken.  Defendant denies that FBI policy required Plaintiff to complain to a supervisor prior to initiating EEO counseling.  Defendant admits that on or about March 1, 2017, Plaintiff complained to a supervisor.  Except as expressly admitted, Defendant denies the allegations in Paragraph 5.

6.  Defendant admits the allegations in Paragraph 6.

7.  Defendant admits the allegations in Paragraph 7.

8.  Defendants admits that assignment of this action to the Oakland Division is proper under Local Rule 3-2(d).

9.  Defendant admits the allegations in Paragraph 9.

10.  As of the time of this Answer, William Barr is the United States Attorney General.

11.  Defendant admits the allegations in Paragraph 11.

12.  Defendant admits the allegations in Paragraph 12.

13.  Defendant is without sufficient knowledge to admit or deny the allegations related to Plaintiff's goals and, on that basis, denies each and every such allegation.  Defendant admits that "accomplishment statistics" provide objective information about the quantity of certain kinds of tasks performed by an agent.  Defendant admits that the allegations include a non-exhaustive list of accomplishment statistics.  Except as expressly admitted, Defendant denies the allegations in Paragraph 13.

14.  Defendant admits that Plaintiff worked in counterterrorism squads from approximately February 2011 to November 2016, first in Squad CT-5 and then in Squad CT-3.  Defendant denies that Plaintiff received "Outstanding" on her two most recent evaluations.  Except as expressly admitted,

Defendant denies the allegations in Paragraph 14.

15. Responding to Paragraph 15, Defendant is without sufficient knowledge to admit or deny the allegations related to Plaintiff's state of mind and, on that basis, denies each and every such allegation. Defendant admits that Plaintiff transferred out of Squad CT-3 and into Squad C-1, a criminal squad located in the San Francisco Field Office, in or around November 2016.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 17 and, on that basis, denies each and every such allegation.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 19 and, on that basis, denies each and every allegation.

20. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 20 and, on that basis, denies each and every allegation.

21. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 21 and, on that basis, denies each and every allegation.

22. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 22 and, on that basis, denies each and every allegation.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant is without sufficient knowledge to admit or deny the allegations related to Plaintiff's state of mind and, on that basis, denies each and every such allegation. Defendant otherwise denies the remainder of the factual allegations in Paragraph 24.

25. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 25 and, on that basis, denies each and every allegation.

26. Defendant denies the allegations in Paragraph 26.

27. Responding to Paragraph 27, Defendant is without sufficient knowledge to admit or deny the allegations related to Plaintiff's state of mind and, on that basis, denies each and every such allegation. Defendant admits that on or around January 25, 2017, Plaintiff told SSA Nguyen that she wanted to leave Squad C-1, and that SSA Nguyen indicated that he would discuss Plaintiff's request

with ASAC Fairries.

28. Defendant admits that on or around February 23, 2017, Plaintiff met with SSA Nguyen. Defendant is without sufficient knowledge to admit or deny the allegations related to Plaintiff's state of mind or what was specifically discussed and, on that basis, denies each and every such allegation. Except as expressly admitted, Defendant denies the allegations in Paragraph 28.

29. Defendant denies that FBI policy required Plaintiff to complain to a supervisor prior to initiating EEO counseling. Defendant admits that on or around March 1, 2017, Plaintiff met with SAC Bennett to discuss Squad C-1. Defendant is without sufficient knowledge to admit or deny the allegations related to Plaintiff's state of mind and, on that basis, denies each and every such allegation. Defendant is without sufficient knowledge to admit or deny the allegations related to SAC Bennett's precise words and on that basis, denies each and every allegation. Except as expressly admitted, Defendant denies the allegations in Paragraph 29.

30. Defendant admits that SAC Bennett asked Plaintiff if she wanted to be reassigned and discussed her squad preferences. Defendant admits that Plaintiff indicated that she would like to be assigned to Squad C-9, but Defendant lacks sufficient knowledge to admit or deny the remaining allegations related to Plaintiff's state of mind and, on that basis, denies each and every such allegation. Defendant admits that SAC Bennett observed that squads C-9 and C-15 could be a "romper room," but Defendant lacks sufficient knowledge to admit or deny the remaining allegations in the third sentence. Except as expressly admitted, Defendant denies the allegations in Paragraph 30.

31. Defendant admits that Plaintiff and SAC Bennett discussed squad assignments, but Defendant is without sufficient knowledge to admit or deny the allegations related to Plaintiff's state of mind and, on that basis, denies each and every such allegation. Defendant denies the remaining allegations in Paragraph 31.

32. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 32 and, on that basis, denies each and every allegation.

33. Defendant admits that after Plaintiff requested to be removed from Squad C-1, and she was removed from Squad C-1, Plaintiff was given a temporary duty assignment to the Administrative Branch. Thereafter, Plaintiff was assigned to the role of Fugitive Coordinator, for a term of 90 days.

1  Defendant further admits that SAC Bennett described the assignment as a good opportunity, which it
2  was meant to be.  Except as expressly admitted, Defendant denies the allegations in Paragraph 33.
3       34.     Defendant admits that Plaintiff met with SAC Bennett on or around March 14, 2017.
4  Defendant further admits that SAC Bennett proposed making Plaintiff the new Fugitive Coordinator for
5  the San Francisco Division.  Except as expressly admitted, Defendant denies the allegations in
6  Paragraph 34.
7       35.     Defendant admits that after Plaintiff requested to be removed from Squad C-1, she was
8  removed from Squad C-1.  On or around March 14, 2017, to ensure immediate action was taken in
9  response to Plaintiff's complaints, Plaintiff was temporarily reassigned to the Administrative Branch,
10 under ASAC Mayo's supervision, for two weeks.  Except as expressly admitted, Defendant denies the
11 allegations in Paragraph 35.
12      36.     Defendant denies the allegations in Paragraph 36.
13      37.     Defendant denies the allegations in Paragraph 37.
14      38.     Defendant admits that Plaintiff met with SAC Bennett and ASAC Mayo on or around
15 April 4, 2017, and that SAC Bennett thereafter assigned Plaintiff to be the Fugitive Coordinator.  SAC
16 Bennett was left with the impression that Plaintiff was pleased with this new assignment.  Except as
17 expressly admitted, Defendant denies the allegations in Paragraph 38.
18      39.     Defendant denies the allegations in Paragraph 39.
19      40.     Defendant denies the allegations in Paragraph 40.
20      41.     Defendant admits that Plaintiff was assigned to report to ASAC Mayo, who is a woman,
21 in Plaintiff's role as Fugitive Coordinator.  Plaintiff relayed to SAC Bennett that she had previously had
22 a positive experience being mentored by a woman on the executive management team, an experience
23 that had enhanced Plaintiff's career development.  Accordingly, SAC Bennett determined that Plaintiff
24 should continue to report to ASAC Mayo in her role as the Fugitive Coordinator.  Except as expressly
25 admitted, Defendant denies the allegations in Paragraph 41.
26      42.     Defendant admits that Plaintiff had multiple meeting with ASAC Mayo from April 4 to
27 April 14, 2017, and that ASAC Mayo encouraged Plaintiff to succeed in her new role of Fugitive
28 Coordinator.  Except as expressly admitted, Defendant denies the allegations in Paragraph 42.

43. Defendant admits that on or about April 14, 2017, ASAC Fairries and ASAC Mayo met with Plaintiff and presented her with a training plan on fugitive investigations. Defendant further admits that SA Solomon-Hill was assigned to be Plaintiff's Training Agent, as he was an expert in fugitive cases and thus a good resources for Plaintiff in her new role. Defendant further admits that, in consultation with ASAC Fairries, SSA Beaupain formulated guidelines for the Fugitive Coordinator role, which was discussed with and positively received by Plaintiff. Except as expressly admitted, Defendant denies the allegations in Paragraph 43.

44. Defendant admits that, in her role as Fugitive Coordinator, Plaintiff was directed to submit weekly updates to SAC Bennett, ASAC Fairries, and ASAC Moy, all of whom are male, and ASAC Mayo. ASAC Mayo continued to be Plaintiff's Supervisor. Except as expressly admitted, Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant admits that the new Fugitive Coordinator role was modified, as the position developed and was evaluated. Defendant further admits that SA Solomon-Hill was assigned to be Plaintiff's Training Agent, as he was an expert in fugitive cases and thus a good resource for Plaintiff in her new role. Defendant further admits that around mid-April 2017, SA Solomon-Hill selected five cases for Plaintiff to focus on. Except as expressly admitted, Defendant denies the allegations in Paragraph 46.

47. Defendant admits that Plaintiff initiated EEO counseling on April 19, 2017. Defendant otherwise denies the allegations in Paragraph 47.

48. Defendant admits that on or about April 20, 2017, Plaintiff sent SAC Bennett an email, which speaks for itself. Otherwise, Defendant denies the allegations in Paragraph 48.

49. Defendant admits that on or about April 24, 2017, Plaintiff met with SAC Bennett and ASAC Mayo. Defendant further admits that Plaintiff made complaints similar to those set forth in her April 20, 2017 email, but denies that such complaints are well founded. Defendant admits that ASAC Mayo, a woman, was assigned to be Plaintiff's supervisor. Defendant admits that Plaintiff asked to be reassigned to a criminal squad, and that she was not reassigned to a criminal squad. Defendant denies that SAC Bennett failed to take any prompt corrective action. Except as expressly admitted, Defendant

denies the allegations in Paragraph 49.

50. Defendant admits that the Office of Professional Responsibility ("OPR") has not initiated an investigation because, upon information and belief, Plaintiff never referred the allegations to OPR. Otherwise, Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant admits that on May 3, 2017, Plaintiff sent an email to ASAC Mayo raising a number of issues, including Plaintiff's view that she should be designated a "Case Manager" on certain cases. Plaintiff's May 3, 2017 email speaks for itself, and Defendant denies that the complaints asserted therein were well founded. Except as expressly admitted, Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant admits that on May 5, 2017, Plaintiff sent a weekly update to SAC Bennett and ASAC Mayo, which speaks for itself. Defendant further admits that that same day Plaintiff sent a separate email to ASAC Mayo, raising a number of issues, which speaks for itself. Defendant is otherwise without sufficient knowledge to admit or deny the allegations in Paragraph 56 and, on that basis, denies each and every allegation.

57. Defendant admits the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant admits that Plaintiff was told to reach out to Squad C-10 in the Santa Rosa Resident Agency for fugitive cases. Except as expressly admitted, Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in the last sentence in Paragraph 60. Otherwise, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 60 and, on that basis, denies each and every allegation.

61. Defendant admits on May 12, 2017, Plaintiff sent ASAC Mayo an email, raising a number of issues, which speaks for itself. Defendant further admits that on May 12, 2017, Plaintiff sent

SAC Bennett an email, which speaks for itself. Defendant admits the allegations in the third sentence of Paragraph 61. Except as expressly admitted, Defendant denies the allegations in Paragraph 61.

62. Defendant admits that the fact that the ASACs of the different Branches wanted their agents to handle their fugitive cases was one of several reasons that Plaintiff's TDY as Fugitive Coordinator was not extended beyond 90 days. Otherwise, Defendant denies the allegations in Paragraph 62.

63. Defendant admits that Plaintiff reiterated her request to be assigned to a criminal squad. Defendant further admits that SAC Bennett informed Plaintiff that the criminal squads were overstaffed and provided her with a choice of three understaffed branches: Counterintelligence ("CI"), Counterterrorism ("CT"), or the surveillance squad ("SOG"). Otherwise, Defendant denies the allegations in Paragraph 63.

64. Defendant admits that on or about June 22, 2017, Plaintiff requested to work on a Counterintelligence squad. Defendant further admits that, at this time, Plaintiff reiterated her desire to be assigned to a squad in the Criminal Branch, and requested to be considered for any future positions that opened in the Criminal Branch. Plaintiff's June 22, 2017 email to ASAC Mayo speaks for itself. Except as expressly admitted, Defendant denies the allegations in Paragraph 64.

65. Defendant admits that Plaintiff's June 22, 2017 email to ASAC Mayo speaks for itself. Otherwise, Defendant denies the allegations in Paragraph 65.

66. Defendant admits that on or about June 30, 2017, Plaintiff was informed that she would be assigned to a counterintelligence squad (Squad CI-2).

67. Defendant admits that on or about July 18, 2017, Plaintiff was assigned to a counterintelligence squad (Squad CI-2). Defendant admits that SSA Curtis Cable was Plaintiff's direct supervisor and ASAC Lisa Gentilcore was Plaintiff's second-level supervisor. Except as expressly admitted, Defendant denies the allegations in Paragraph 67.

68. Defendant admits the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant admits that Plaintiff complained to SAC Bennett, but denies that her complaints were well founded. Defendant admits that the Letter of Censure was not removed from

Plaintiff's file at the end of the fiscal year because there is a Litigation Hold in this matter and the FBI is required to retain all documents pertaining to Plaintiff and her Title VII allegations, including the Letter of Censure.  Except as expressly admitted, Defendant denies the allegations in Paragraph 70.

71. Defendant admits the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant admits the allegations in Paragraph 73.

74. Defendant admits the allegations in Paragraph 74.

75. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 75 and, on that basis, denies each and every allegation.

76. Defendant admits that on or about December 5, 2017, SSA Parnell and SA Paresa met with Plaintiff and informed her that they were recommending her removal from the SF ERT.  Defendant admits that the removal needed to be approved by SAC Bennett.  Defendant admits that the two reasons alleged are among the reasons that SSA Parnell recommended Plaintiff's removal from the ERT.  Defendants admits that the four allegations listed are among the allegations that SSA Parnell provided to SAC Bennett to support the recommendation to remove Plaintiff from the ERT.  Except as expressly admitted, Defendant denies the allegations in Paragraph 76.

77. Defendant admits the allegations in the first and second sentences.  Defendant admits that Plaintiff complained to SSA Parnell and SA Paresa that the recommendation was retaliation, but Defendant denies that it was.  Defendant admits the allegations in the fourth, fifth, and sixth sentences.  Defendant denies that Plaintiff was deprived of a fair investigation or the ability to respond—SSA Parnell and SA Paresa did their diligence in determining the facts and Plaintiff was afforded the opportunity to appeal to SAC Bennett before he issued a decision on the removal.  Defendant admits that Plaintiff was not afforded the ability to respond or to present records or witnesses to SSA Parnell and SA Paresa.  Except as expressly admitted, defendant denies the allegations in Paragraph 77.

78. Defendant admits that on or about December 8, 2017, SSA Parnell sent Plaintiff an email, but denies Plaintiff's characterization of its contents.

79. Defendant admits that on or about December 12, 2017, Plaintiff emailed SSA Parnell a response, but denies Plaintiff's characterization of its contents.  Otherwise, Defendant is without

sufficient knowledge to admit or deny the allegations in Paragraph 79 and, on that basis, denies the remaining allegations.

80. Defendant admits that on or about December 12, 2017, Plaintiff sent SAC Bennett an email, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in Paragraph 80.

81. Defendant admits that Plaintiff was removed from the SF ERT because of her unacceptable behavior, which had a negative impact on the SF ERT's missions, operations, and training. Defendant denies that SAC Bennett did not do his diligence to ensure that Plaintiff's removal was warranted. Except as expressly admitted, Defendant denies the allegations in Paragraph 81.

82. Defendant admits the allegations in Paragraph 82.

83. Defendant admits that on or about January 2, 2018, Plaintiff sent SAC Bennett an email, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in Paragraph 83.

84. Defendant admits that on or about January 3, 2018, SAC Bennett sent Plaintiff an email, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant admits that Plaintiff had no prior documented instances of counseling prior to her recommended removal from the ERT. Except as expressly admitted, Defendant denies the allegations in Paragraph 86.

87. Defendant admits that on or about January 11, 2018, the Open Season Announcement for the Adjunct Faculty Program was distributed. Defendant denies that Plaintiff's removal from the ERT negatively impacted her Performance Appraisal Rating for 2018. Otherwise, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 87 and, on that basis, denies the allegations.

88. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 88 and on that basis, denies each and every allegation.

89. Defendant admits that on or around April 6, 2018, SA Aaron To left Squad CI-2 and transferred a case to Plaintiff. Otherwise, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 89 and, on that basis, denies the allegations.

90.     Defendant admits that on or around April 5, 2018, Acting SSA Elges asked Plaintiff if she had anything to report for the Weekly Update for ASAC Gentilcore and that Weekly Updates are used to provide information to the ASAC.  Otherwise, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 90 and, on that basis, denies the allegations.

91.     Defendant admits that as of the beginning of April 2018, Plaintiff had not been assigned a source since joining CI-2.  Defendant is without knowledge sufficient to admit or deny when or if Plaintiff took the alleged actions.  Except as expressly admitted, Defendant denies the allegations in Paragraph 91.

92.     Defendant denies the allegations in Paragraph 92.

93.     Defendant admits that on or about April 17, 2018, Plaintiff sent an email to SSA Cable complaining about her assignments, which speaks for itself, but denies that Plaintiff's complaints were well founded.  Except as expressly admitted, Defendant denies the allegations in Paragraph 93.

94.     Defendant admits the allegations in the first sentence.  Otherwise, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 94 and, on that basis, denies the allegations.

95.     Defendant admits the allegations in the third and fourth sentences.  Otherwise, Defendant denies the allegations in Paragraph 95.

96.     Defendant denies the allegations in Paragraph 96.

97.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 97 and, on that basis, denies each and every allegation.

98.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 98 and, on that basis, denies each and every allegation.

99.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 99 and, on that basis, denies each and every allegation.

100.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 100 and, on that basis, denies each and every allegation.

101.    Defendant admits that during Plaintiff's Mid-Year Performance Review, SSA Cable told her that her work performance was good, and that she needed a source.  Except as expressly admitted,

1 Defendant denies the allegations in Paragraph 101.

2     102.    Defendant admits that Plaintiff was not permitted to transfer to a criminal squad, but denies that that fact had any connection to her complaints of discrimination.  Defendant admits that on or about May 2, 2018, a notice was circulated informing agents that a transfer was available to Criminal Squad C-9.  Defendant further admits that SSA Cable informed Plaintiff that he and ASAC Gentilcore would not support her transfer to C-9.  Otherwise, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 102 and, on that basis, denies the allegations.

103.    Defendant admits the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

106.    Defendant admits the allegations in Paragraph 106.

107.    Defendant admits that Plaintiff applied for the positions and/or supplemental duties listed in Paragraph 107.  Otherwise, Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 107 and, on that basis, denies the allegations.

108.    Defendant denies the allegations in Paragraph 108.

109.    Defendant admits that OPR has not initiated an investigation because, upon information and belief, neither Plaintiff nor anyone else has referred Plaintiff's allegations to OPR to request an investigation.  Otherwise, Defendant denies the allegations in Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110.

111.    Defendant denies the allegations in Paragraph 111 and notes that the Court has dismissed Plaintiff's disparate impact claim (ECF 54).

112.    Defendant denies the allegations in Paragraph 112 and notes that the Court has dismissed Plaintiff's disparate impact claim (ECF 54).

113.    Defendant denies the allegations in Paragraph 113 and notes that the Court has dismissed Plaintiff's disparate impact claim (ECF 54).

114.    Defendant denies the allegations in Paragraph 114 and notes that the Court has dismissed Plaintiff's disparate impact claim (ECF 54).  Moreover, most of Paragraph 114 consists of legal argument, to which no response is required.

115.   Defendant denies the allegations in Paragraph 115 and notes that the Court has dismissed Plaintiff's disparate impact claim (ECF 54).

116.   Defendant denies the allegations in Paragraph 116 and notes that the Court has dismissed Plaintiff's disparate impact claim (ECF 54).

117.   Defendant denies the allegations in Paragraph 117 and notes that the Court has dismissed Plaintiff's disparate impact claim (ECF 54).

118.   Defendant denies the allegations in Paragraph 118 and notes that the Court has dismissed Plaintiff's disparate impact claim (ECF 54).

119.   Defendant denies the allegations in Paragraph 119 and notes that the Court has dismissed Plaintiff's disparate impact claim (ECF 54).

120.   Defendant denies the allegations in Paragraph 120.

121.   Defendant denies the allegations in Paragraph 121.

122.   Defendant denies the allegations in Paragraph 122.

123.   Defendant denies the allegations in Paragraph 123.

124.   Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

125.   Defendant denies the allegations in Paragraph 125.

126.   Defendant denies the allegations in Paragraph 126 and notes that the Court has dismissed Plaintiff's disparate impact claim (ECF 54).

127.   Defendant denies the allegations in Paragraph 127.

128.   Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

129.   Defendant denies the allegations in Paragraph 129.

130.   Defendant denies the allegations in Paragraph 130.

131.   Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

132.   Defendant admits that Plaintiff engaged in protected EEO activity.  Except as expressly admitted, Defendant denies the allegations in Paragraph 132.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Prompt Corrective Action)**

1. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory, harassing, or retaliatory behavior and because Plaintiff failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

2. To the extent that Plaintiff has failed to mitigate her damages, her recovery is limited accordingly.

**THIRD AFFIRMATIVE DEFENSE**
**(Exhaustion of Administrative Remedies)**

3. To the extent that Plaintiff alleges or asserts matters not contained in a legally sufficient and timely administrative claim presented by her, such claims are barred by the exhaustion of administrative remedies doctrine. For example, Plaintiff's claims based on conduct that occurred more than 45 days before she contacted an EEO counselor on or about April 19, 2017, are barred.

**FOURTHAFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

4. To the extent that Plaintiff alleges or asserts matters not contained in a legally sufficient and timely administrative claim presented by her, such claims are barred by the statute of limitations. For example, Plaintiff's claims based on conduct that occurred more than 45 days before she contacted an EEO counselor on or about April 19, 2017, are barred.

**FIFTH AFFIRMATIVE DEFENSE**
**(Set-Off)**

5. Defendant is entitled to a set-off against any award of damages to Plaintiff of any outstanding debt or obligation of Plaintiff to any federal agency, any worker's compensation,

unemployment or disability benefits, any benefits under the benefit plans of the agency, and any benefits from any federal agency or federally-funded agency that Plaintiff receives or has received for injuries or damages alleged in the SAC.

### SIXTH AFFIRMATIVE DEFENSE
### (Mixed Motive)

6. To the extent that Plaintiff demonstrates that a discriminatory or retaliatory motive played a part in the challenged actions, which Defendant denies, Defendant asserts that the same actions would have been taken absent the discriminatory or retaliatory motive.

The Attorney General reserves the right to assert additional affirmative defenses as discovery develops and warrants.

### PRAYER FOR RELIEF

WHEREFORE, the Attorney General prays that:

1. Plaintiff takes nothing by her complaint;
2. The Attorney General has judgment against Plaintiff;
3. The Attorney General be awarded his costs of suit; and
4. For such other and further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury.

DATED: December 11, 2019                Respectfully submitted,

                                        DAVID L. ANDERSON
                                        United States Attorney

                                         */s/ Jevechius D. Bernardoni*
                                        JEVECHIUS D. BERNARDONI
                                        Assistant United States Attorney
                                        Attorney for Defendant